JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15   0701

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Whitehead, Amin

**DEFENDANTS**
City of Philadelphia, Police Officer Perry Betts and Police Officers John Does 1-10

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Margaret Boyce Furey, Esq. Four Tower Bridge, Suite 400
200 Barr Harbor Drive, W. Conshohocken, Pa. 19428
610-397-0125

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Civil rights violations

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _Ovannya_   DOCKET NUMBER _12-5690_

DATE _2/12/15_
SIGNATURE OF ATTORNEY OF RECORD
_Morgan Boyce Furey_

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE  FEB 1 2 2015



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

AMIN WHITEHEAD

      v.

CITY OF PHILADELPHIA, POLICE
OFFICER PERRY BETTS and POLICE
OFFICERS JOHN DOES 1-10

CIVIL ACTION

15    0701

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( x )

| 2/12/15 | Margaret Boyce Furey | *Attorney for* plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-397-0125 | 610-397-0126 | mboycep@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



15-cv-701

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Margaret Boyce Furey, Esq., Four Tower Bridge, Suite 400 200 Barr Harbor Drive, W. Conshohocken, Pa. 19428

Address of Defendant: 1414 Arch Street, 14th Floor, Philadelphia, Pa. 19102; 532 Solly Avenue, Philadelphia, Pa. 19111

Place of Accident, Incident or Transaction: 928 Friendship Street, Philadelphia, Pa.

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☑

Does this case involve multidistrict litigation possibilities?   Yes☐ No☑

RELATED CASE, IF ANY:

Case Number: 17-5690   Judge Diamond   Date Terminated: 78-5690

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Margaret Boyce Furey , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/12/15 _____   Attorney-at-Law   02461 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/12/15 _____   Attorney-at-Law   02461 Attorney I.D.#

CIV. 609 (5/2012)

```
Court Name: EDPA-Philadelphia
Division: 2
Receipt Number: PPE116069
Cashier ID: gswiercz
Transaction Date: 02/12/2015
Payer Name: MARGARET BOYCE
-----------------------------------------
CIVIL FILING FEE
 For: MARGARET BOYCE
 Case/Party: D-PAE-2-15-CV-000700-001
 Amount:        $400.00
CIVIL FILING FEE
 For: MARGARET BOYCE
 Case/Party: D-PAE-2-15-CV-000701-001
 Amount:        $400.00
-----------------------------------------
PAPER CHECK CONVERSION
 Remitter: MARGARET BOYCE
 Check/Money Order Num: 1059
 Amt Tendered: $800.00
-----------------------------------------
Total Due:      $800.00
Total Tendered: $800.00
Change Amt:       $0.00


Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check.
```



$400.00

PD



**FILED**

FEB 1 2 2015

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIN WHITEHEAD | :   CIVIL ACTION NO. 15   0 7 0 1 |
| | : |
| v. | :   JURY TRIAL DEMANDED |
| | : |
| CITY OF PHILADELPHIA | : |
| | : |
| and | : |
| | : |
| POLICE OFFICER PERRY BETTS | : |
| Individually and as a Police Officer | : |
| for the City of Philadelphia | : |
| | : |
| and | : |
| | : |
| POLICE OFFICERS JOHN DOES 1-10 | : |
| (Badge Nos. Presently Unknown) | : |
| Individually and as Police Officers | : |
| for the City of Philadelphia | : |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.  Plaintiff brings this action under 42 U.S.C. §1983, seeking redress for the conduct of former Police Officer, Perry Betts, and his partner/fellow Officers, who used improper and unconstitutional means to secure search warrants by lies, deceit and misrepresentation, subjecting citizens to illegal searches of their person and property and subjecting citizens to illegal arrest, detention, prosecution and jail sentences.  The actions and conduct of the defendant Police Officers were the result of policies, practices, customs and deliberate indifference on the part of the

1.

2 S given
2/14/2015 R.T.

defendant, City of Philadelphia, including the failure to take disciplinary and remedial action against the defendant Officers and other Philadelphia Police Officers, despite documented records of misconduct and abuse of authority.

## II.      JURISDICTION

2.  This action is brought pursuant to 28 U.S.C. §§1331 and 1343(1), (3), (4), and the aforementioned statutory provision.

## III.     PARTIES

3.  Plaintiff is Amin Whitehead, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

4.  Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

5.  Defendant, Police Officer Perry Betts, was at all times relevant to this action an Officer of the City of Philadelphia Police Department.  Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics.  He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6.  Upon information and belief, defendant Police Officers John Does 1-10 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics, and whose identities are presently unknown.  Each is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

2.

IV.    **FACTS**

7.  For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

8.  The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

9.  On or about May 7, 2008, plaintiff was at his home located at 928 Friendship Street, Philadelphia, Pa., when, without a search warrant and without knocking, defendant Officer Perry Betts and the other approximately 10 Officers rushed into the house and began searching it, handcuffed plaintiff, removed him from the house and placed him in the back of a paddy wagon.

10.  After being placed in the paddy wagon for a period of time, plaintiff was brought back into the house and placed in the kitchen while the Officers searched the house and beat up plaintiff, requiring plaintiff to go to Frankford Hospital at Frankford Avenue and Wakeling Street, Philadelphia, where plaintiff was treated for bruises throughout his body, received intravenous therapy and was hospitalized for 2 days.

11.  Plaintiff was taken from the Hospital to the Roundhouse and then to CFCF prison since plaintiff had already been arraigned and $75,000.00 bail set, which plaintiff was unable to post.

12. That in addition to charging plaintiff with manufacture, delivery and possession with intent to deliver (35 §780-113 §§A30), criminal conspiracy (18 §903 §§A1), possession of firearms (18 §6106 §§A1 and 18 §6108) and other related offenses, none of which crimes plaintiff committed and was, in fact, innocent of, plaintiff was fined $625.00, which he paid.

13. At the time of the search, defendant Officers also stole numerous personalty items including fur coats, a motor vehicle, $7,800.00 cash, and destroyed furniture, all to plaintiff's and his family's detriment, since these items were never replaced.

14. Additionally, plaintiff's business, which he operated with his brother, was destroyed due to the incarceration resulting from the false arrest.

15. That plaintiff was prosecuted on the false police charges and on September 15, 2008, plaintiff was held for court after a preliminary hearing on 35 §780-113 §§A30; 18 §903 §§A1; 18 §6106 §§A1; 18 §7512 §§A; 35 §780-113 §§A16 and §§A32; 18 §6108; 18 §907 §A; and 18 §6105 §§A2i.

16. On February 22, 2010, even though plaintiff was innocent of the criminal charges as set forth in paragraph 15 herein, plaintiff agreed to a negotiated guilty plea of 3 years 10 months to 10 years.

17. On January 9, 2015, on motion of the Philadelphia District Attorney, the Honorable Sheila Woods-Skipper ordered all criminal charges nol prossed pursuant to a PCRA petition filed by the Philadelphia Public Defender.

4.

18. That plaintiff spent 22 months in CFCF and the remainder of his sentence was served at SCI Camp Hill, Pennsylvania, until his release in September, 2012, being paroled until his criminal conviction was nol prossed on January 9, 2015.

19. That plaintiff's incarceration and parole were due solely to the false accusations filed against him by defendant Betts and the other defendant Officers.

20. Plaintiff's conviction in this case was derived from false and misleading information provided by the Philadelphia police officers.

21. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as plaintiff to arrest, prosecution and incarceration in the absence of probable cause.

22. The defendant officers acted wilfully, deliberately, maliciously and with reckless disregard of plaintiff's constitutional and statutory rights.

23. As a direct and proximate result of the actions of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial loss.

24. As a direct and proximate result of the actions of all defendants, plaintiff suffered loss of liberty by being incarcerated for almost 4 years.

25. All defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting plaintiff to unlawful arrest, malicious prosecution and prolonged incarceration.

5.

26. The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant, City of Philadelphia, of failing, with deliberate indifference, to supervise, monitor and properly train narcotics officers with respect to (a) their duty to provide only truthful information in securing search and arrest warrants; (b) their duty to ensure that relationships and dealings with confidential informants and/or sources are in accord with Police Department policy and constitutional commends; ( c) their duty to disclose exculpatory evidence in criminal cases; (d) their duty not to undertake arrests in the absence of lawful grounds; (e) their duty to provide accurate and truthful information to the prosecutor's office; (f) their duty to report and disclose misconduct and illegal actions of other police officers; (g) the proper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence; and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

27. Defendant, City of Philadelphia, has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests and prosecutions, thereby causing the violations in this case.

28. The above described actions of all of the defendants caused the violations of plaintiff's rights under the Fourth and Fourteenth Amendments as alleged in this Complaint.

6.

## COUNT I

### Federal Civil Rights Violations

29. The allegations set forth in paragraphs 1 through 28 inclusive are incorporated herein as if fully set forth.

30. As a direct and proximate result of defendants' above described unlawful and malicious conduct, committed under the color of State law, and while acting in that capacity, the defendants deprived plaintiff of equal protection of the laws and plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff was denied the right to be free from false arrest, false imprisonment, malicious prosecution, to be secure in one's person and property, to access to the courts, and to due process and equal protection of the law, all to plaintiff's great detriment and loss. As a result, plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

31. As a direct and proximate result of the acts and omissions of defendants, plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to plaintiff's detriment and loss.

32. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

        a.     unjustified, unreasonable and illegal use of process by police officers;

        b.     abuse of police powers, including false arrest, malicious prosecution, harassment and improper searches;

7.

   c.  misrepresenting facts in order to establish probable cause where none would otherwise exist;

   d.  arresting and incarcerating citizens without probable cause solely for the purpose of committing citizens to prison with no intention of seeking criminal prosecution;

   e.  psychologically or emotionally unfit persons serving as police officers; and

   f.  failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

33. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a.  unlawful detentions and unlawful arrests by police officers;

   b.  the proper exercise of police powers, including, but not limited, to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;

   c.  the monitoring of officers who it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d.  the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

   e.  police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;

   f.  police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

8.

g.   the failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;

h.   the refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

i.   The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

j.   the refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

34.   Defendant, City of Philadelphia, failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including, but not limited, to:

a.   the duty to provide only truthful information in securing search and arrest warrants;

b.   the duty to ensure that relationships and dealings with confidential information are in accord with Police Department policy and constitutional commands;

c.   the duty to disclose exculpatory evidence in criminal cases;

d.   their duty not to undertake arrests in the absence of lawful grounds;

e.   the duty to provide accurate and truthful information to the prosecutor's office;

f.   the duty to report and disclose misconduct and illegal actions of other police officers;

g.   the improper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant and/or involve the destruction of theft of property or evidence; and

9.

h.    the fabrication of evidence against an accused to justify their illegal actions and conduct.

35. Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of individuals by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

36. Defendant, City of Philadelphia, is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a.    there are excessive and chronic delays in resolving disciplinary complaints;

b.    there is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c.    there is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d.    the PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e.    the PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

f.    the conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g.    a global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

10.

h.      there are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i.      The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

j.      despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

k.      despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l.      despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

m.      IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct.  The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

n.      IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

37.  The City of Philadelphia was deliberately indifferent to the need for more or different

training, supervision, investigation or discipline in the areas of:

a.      use of information in obtaining probable cause;

b.      exercise of police powers;

c.      police officers with emotional or psychological problems;

d.      police officers' use of their status as police officers to have persons falsely arrested, maliciously prosecuted and unlawfully searched or to achieve ends not reasonably related to their police duties; and

e.      false arrest, malicious prosecution and evidence planting of citizens.

11.

38.  Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including defendant Betts in this case, to violate the rights of citizens such as plaintiff.

39.  Defendant, City of Philadelphia, failed to properly sanction or discipline officers and acquiesced to the defendant officers' unlawful conduct after becoming aware that these particular officers engaged in the aforementioned conduct in cases dating back to 2002, while concealing and/or aiding and abetting in the violations of constitutional rights of citizens by these police officers, thereby causing and encouraging police officers, including defendant officers in this case, to violate the rights of citizens such as plaintiff.

40.  Defendant, City of Philadelphia, was aware and was deliberately indifferent to the unconstitutional acts and omissions of the defendant officers when:

    a.    beginning in 2001, several legal complaints alleging civil and constitutional rights of false arrests, malicious prosecutions, falsifying documents and testimony alleging the violations of the constitutional rights of citizens by the defendant officers were filed;

    b.    in 2005, former Philadelphia Police commissioner Sylvester Johnson testified at trial in the case of *Arnold Randall v. City of Philadelphia et al*, C.A. No. 04-1081 regarding the customs, policies and procedures with respect to the narcotics units generally and specifically with regard to allegations that the

defendant officers engaged in false arrests, malicious prosecutions and fabrication of evidence;

c.   in 2005, IAD was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the defendant officers, as well as other members of the narcotics unit;

d.   in 2005 and later, the Philadelphia City Solicitor's Office was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecutions and fabrication claims against the defendant officers as well as other members of the narcotics unit;

e.   the City of Philadelphia was also aware that the federal authorities were investigating these same defendant officers for several years for the violations of citizens' civil and constitutional rights during this period of time;

f.   in 2007, the City of Philadelphia was aware of the constitutional violations by these same officers and other officers in the narcotics units when the Third Circuit Court of Appeals denied the defendant officers' claim of qualified immunity due to their unlawful and unconstitutional actions in the case averring the same claims as this case - false arrest, malicious prosecution and falsification of documents. See: *Andre Blaylock v. City of Philadelphia et al*, 504 F.3d 405 (3d Cir. 2007); and

13.

g.      in December 2012, the Philadelphia District attorney's Office informed Philadelphia Police Commissioner Ramsey that the defendant officer would no longer be permitted to be witnesses in narcotic cases.

41. Defendant, City of Philadelphia, continued to permit, acquiesce, encourage, tolerate, ratify and has been deliberately indifferent to the unconstitutional acts and omissions by the defendant officers despite the aforementioned allegations, investigations and court holdings for years.

42. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including defendant Betts in this case, to believe that they can violate the rights of citizens with impunity, including the use of fraud and falsehood, and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

43. The actions of all defendants, acting under color of State law and/or in concert or conspiracy with each other, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, from false arrest, malicious prosecution and to due process of law.

14.

44.  Defendants, City of Philadelphia, Police Officer Perry Betts, and Police Officers John Does, acting in concert and conspiracy with each other, have, by the aforementioned actions, deprived plaintiff of his constitutional and statutory rights.

45.  By these actions, all defendants have deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## COUNT II

### 42 U.S.C. §1983 against Defendant Officers

#### *Excessive Force*

46.  Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein at length.

47.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

48.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

### Supplemental State Law Claim Against Defendant Officers

#### *Battery*

49.  Paragraphs 1 through 48 are incorporated by reference as though fully set forth herein at length.

50.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

51.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### 42 U.S.C. §1983 against Defendant Officers

#### *Assault*

52.  Paragraphs 1 through 51 are incorporated by reference as though fully set forth herein at length.

53.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers

16.

intentionally placed plaintiff in reasonable apprehension if imminent harmful and/or offensive bodily contact, and defendants' actions were the actual and proximate cause of plaintiff's harm.

54. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT V**

**Supplemental State Law Claim Against Defendant Officers**

***Assault***

55. Paragraphs 1 through 54 are incorporated by reference as though fully set forth herein at length.

56. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally placed plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and such actions were the actual and proximate cause of plaintiff's harm.

57. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

17.

## COUNT VI

### 42 U.S.C. §1983 against Defendant Officers

#### *Unlawful Arrest*

58.  Paragraphs 1 through 57 are incorporated by reference as though fully set forth herein at length.

59.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers acted with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and such actions were the actual and proximate cause of plaintiff's confinement.

60.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VII

### Supplemental State Law Claim Against Defendant Officers

#### *False Imprisonment*

61.  Paragraphs 1 through 60 are incorporated by reference as though fully set forth herein at length.

62.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they acted with the intent to confine plaintiff unlawfully and against plaintiff's will, confining him on

18.

false criminal charges for 3 years and 10 months, during which period of time he feared for his life

and safety, was deprived of needed medical care and attention, subjected to indignities, deprived of

family and friends, and was imprisoned on false charges trumped up by the police, and such actions

were the actual and proximate cause of plaintiff's confinement.

63.  As a result of the above actions, plaintiff demands judgment against defendant Officers

in the amount of all damages, including compensatory damages and punitive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees

and costs under 42 U.S.C. §1988.

### COUNT VIII

### 42 U.S.C. §1983 against Defendant Officers

### *Unjustified Search*

64.  Paragraphs 1 through 63 are incorporated by reference as though fully set forth herein

at length.

65.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by

defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff

constitutional rights while acting under color of law.  More specifically, defendant Officers entered

and searched the premises in which plaintiff was a guest, without probable cause or with a warrant

containing false statements, and such actions were the direct and proximate cause of plaintiff's harm.

66.  As a result of the above actions, plaintiff demands judgment against defendant Officers

in the amount of all damages, including compensatory damages and punitive damages, plus interest,

19.

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IX

### 42 U.S.C. §1983 against Defendant Officers

#### *Malicious Prosecution*

67. Paragraphs 1 through 66 are incorporated by reference as though fully set forth herein at length.

68. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice. These proceedings terminated in favor of plaintiff. Defendants' conduct was the direct and proximate cause of plaintiff's harm.

69. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT X

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

70. Paragraphs 1 through 69 are incorporated by reference as though fully set forth herein at length.

20.

71. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

72. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XI

### 42 U.S.C. §1983 against Defendant Officers

#### *Conspiracy*

73. Paragraphs 1 through 72 are incorporated by reference as though fully set forth herein at length.

74. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

21.

75. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XII

### Supplemental State Law Claim Against Defendant Officers

#### *Conspiracy*

76. Paragraphs 1 through 75 are incorporated by reference as though fully set forth herein at length.

77. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

78. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIII

### Supplemental Claim of Intentional Infliction of
### Emotional Distress against All Defendant Officers

79. Paragraphs 1 through 78 are incorporated by reference as though fully set forth herein at length.

22.

80. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally and/or recklessly caused plaintiff severe emotional distress by their extreme and outrageous conduct.

81. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIV

### Supplemental Claim of Negligent Infliction of Emotional Distress against All Defendant Officers

82. Paragraphs 1 through 81 are incorporated by reference as though fully set forth herein at length.

83. Plaintiff was damaged and injured as set forth above by defendant Officers in that they negligently caused plaintiff severe emotional distress by their extreme and outrageous conduct and where plaintiff's emotional distress resulted in the manifestation of physical symptoms.

84. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

23.

<u>**COUNT XV**</u>

**Supplemental Claim of Negligent Hiring, Retention and**
<u>**Supervision against defendant, City of Philadelphia**</u>

85.  Paragraphs 1 through 84 are incorporated by reference as though fully set forth herein at length.

85.  Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiff's injuries.

84.  As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

MARGARET BOYCE FUREY, ESQUIRE
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
610-397-0125 (phone)
610-397-0126 (fax)
mboycep@aol.com